IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

           Plaintiff,    :    Case No. 3:20-cr-094
                                    Also Case No. 3:23-cv-229

                                      District Judge Thomas M. Rose
  -  vs  -                              Magistrate Judge Michael R. Merz

CHRISTOPHER LEE BRYANT,

           Defendant.    :

## REPORT AND RECOMMENDATIONS

This is a proceeding on a Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 62). Upon initial filing, the Magistrate Judge reviewed the Motion under Rule 4 of the Rules Governing § 2255 Proceedings and ordered the United States to respond (ECF No. 66). The Government has done so (ECF No. 67).

In the Order for Answer, the Court set a date for Defendant to file a reply and a document bearing that label was filed (ECF No. 68). However, the Reply was stricken because it was filed by an anonymous person who is not an attorney (ECF No. 71). The time for filing a reply has expired and the Court therefore proceeds to consider the merits of the case upon the Motion and the Government's Response.

1

**Litigation History**

Defendant was charged by Complaint with possession and distribution of child pornography (ECF No. 3). After initial appearance and appointment of counsel, Defendant was indicted on September 8, 2020, and charged with one count each of production, possession, and distribution of child pornography (Indictment, ECF No. 19). Assistant Federal Defender Thomas Anderson assumed defense of the case and filed a motion to suppress (ECF No. 25). After that motion was denied (ECF No. 30), the parties entered into plea negotiations, resulting in a Plea Agreement under which Defendant would plead guilty to the production count and the other two counts would be dismissed (ECF No. 36). District Judge Rose conducted a plea colloquy hearing in accordance with Fed. R. Crim. P. 11 at the conclusion of which the judge found Defendant's guilty plea was knowing, intelligent, and voluntary (Minutes, ECF No. 33; Transcript, ECF No. 54). After considering a presentence investigation report, Judge Rose sentenced Defendant to the term of incarceration he is now serving (ECF Nos. 47, 48). Represented by new counsel, Bryant appealed to the Sixth Circuit Court of Appeals (Notice of Appeal, ECF No. 50). That court affirmed this Court's judgment. *USA v. Christopher Bryant*, (6th Cir. Case No. 21-3524, Apr. 4, 2022)(copy at ECF No. 58). The United Supreme Court then denied Defendant's Petition for Writ of Certiorari. *Bryant v. United States*, Case No. 225016 (Oct. 13, 2022)(copy at ECF No. 61).

Defendant then filed the instant Motion to Vacate, pleading that he received ineffective assistance of trial counsel in three particulars (1) advice to plead guilty when an entrapment defense would have resulted in acquittal; (2) failure to engage in any investigation of the case; (3) failure to challenge lack of *Miranda* warnings; and (4) use of Defendant's mental incapacity against him to convince him to accept a plea bargain.

## Analysis

The governing standard for ineffective assistance of trial counsel was adopted by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984):

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components.  First, the defendant must show that counsel's performance was deficient.  This requires showing that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.  Second, the defendant must show that the deficient performance prejudiced the defense.  This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.  Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. at 687.  In other words, to establish ineffective assistance, a defendant must show both deficient performance and prejudice.  *Berghuis v. Thompkins,* 560 U.S. 370, 389 (2010), *citing Knowles v. Mirzayance,* 556 U.S.111 (2009).

With respect to the first prong of the *Strickland* test, the Supreme Court has commanded:

> Judicial scrutiny of counsel's performance must be highly deferential. . . .  A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.  Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

466 U.S. at 689.

As to the second prong, the Supreme Court held:

3

> The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to overcome confidence in the outcome.

466 U.S. at 694. *See also Darden v. Wainwright*, 477 U.S. 168 (1986); *Wong v. Money,* 142 F.3d 313, 319 (6th Cir. 1998); *Blackburn v. Foltz*, 828 F.2d 1177 (6th Cir. 1987). *See generally* Annotation, 26 ALR Fed 218.

Defendant's Motion fails on the first prong of *Strickland*. All of his allegations of ineffective assistance are completely conclusory. He points to no evidence that the person to whom he distributed the offending images was a government agent or to any exculpatory evidence that further investigation by Attorney Anderson could have disclosed. The record includes Bryant's waiver of *Miranda* warnings. As to his mental incapacity, he clearly claimed to understand the charges and proceedings in the plea colloquy. Having observed him during that hearing, Judge Rose found he was competent to enter a plea and that the plea he entered was knowing, intelligent, and voluntary. Certainly the Statement of Facts to which he agreed is sufficient for conviction. Despite his plea, Bryant proclaims his innocence, but never attempted to withdraw his guilty plea.

Where a district court has scrupulously followed the required procedure under Fed. R. Crim. P. 11, "the defendant is bound by his statements in response to that court's inquiry." *Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986), *quoting Moore v. Estelle*, 526 F.2d 690 (5th Cir. 1976). Defendant's statements in the plea colloquy completely refute his claims in the instant Motion, which should be denied.

**Conclusion**

In accordance with the foregoing analysis, the Magistrate Judge respectfully recommends that the Motion to Vacate be denied with prejudice. Because reasonable jurists would not disagree

with this conclusion, it is also recommended that Defendant be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

December 5, 2023.

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

s/ *Michael R. Merz*
United States Magistrate Judge