IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

        Plaintiff,      :      Case No. 3:20-cr-094
                                                            Also Case No. 3:23-cv-229

                                                            District Judge Thomas M. Rose
-  vs  -                                         Magistrate Judge Michael R. Merz

CHRISTOPHER LEE BRYANT,

        Defendant.         :

## DECISION AND ORDER

In this proceeding 28 U.S.C. § 2255, the Magistrate Judge has filed a Report and Recommendations (Doc. No. 74) recommending denial of the Motion to Vacate (Doc. No. 62). Defendant has objected to the Report (Doc. No. 75) and those objections are ripe for review.

Under Fed.R.Civ.P. 72(b) and 28 U.S.C. § 636(b), the Court has reviewed de novo the entire record with particular attention to the portions of the Report to which Defendant has objected. Having done so, the Court concludes Defendant's Objections should be overruled and the Magistrate Judge's Report adopted for the reasons set forth below.

The litigation history recited in the Report records that Defendant pleaded guilty to one count of production of child pornography in return for dismissal of the other charges against him. The Court conducted the plea colloquy required by Fed. R. Crim. P. 11 and concluded Defendant's plea was knowing, intelligent, and voluntary (Doc. No. 33; Doc. No. 54). After considering a

presentence investigation report, the Court sentenced Defendant to the term he is now serving. Bryant appealed with new counsel and the Sixth Circuit affirmed the conviction and sentence. *USA v. Christopher Bryant*, (6th Cir. Case No. 21-3524, Apr. 4, 2022)(copy at Doc. No. 58).

Bryant then filed a timely Motion to Vacate, asserting he received ineffective assistance of trial counsel in four ways (1) advice to plead guilty when an entrapment defense would have resulted in acquittal; (2) failure to engage in any investigation of the case; (3) failure to challenge lack of *Miranda* warnings; and (4) use of Defendant's mental incapacity against him to convince him to accept a plea bargain.  The Court referred the Motion to Vacate to the Magistrate Judge (Doc. No. 64) who recommends dismissal.  Defendant's Objections to that recommendation are considered here in turn.

I.  **OBJECTIONS TO STRIKING THE REPLY**

Bryant's first objection is that the Magistrate Judge struck his Reply.  In a Decision and Order filed November 21, 2023, the Magistrate Judge struck the Reply because, on its face, it was filed anonymously and by a non-lawyer on Bryant's behalf (Doc. No. 71).  Bryant contends this amounts to an erroneous and malicious contention "that this Petitioner is not entitled in any way to the assistance of another federal prisoner because said assistant is not an attorney and because Petitioner's 28 U.S.C. § 2255 petition was filed anonymously."  (Doc. No. 75 at PageID 751).

This Objection is overruled.  First of all, it is untimely.  The Magistrate Judge's Decision was filed and served November 21, 2023 making objections due December 8, 2023, and this objection was not made until December 27, 2023.

Second, the objection is without merit.  While prisoners are entitled to use the assistance of other prisoners, only a lawyer or a party may sign a federal court filing.  Fed. R. Civ. P. 11.  The

2

Reply purported to be signed by someone other than Bryant who would not give his name but did not claim to be a lawyer representing Bryant and admitted to practice before this Court.

Bryant claims the Magistrate Judge's decision is an "egregious misrepresentation" of *Avery v. Johnson*, 393 U.S. 483 (1969). Not so. While the *Avery* Court held a State must allow assistance from other prisoners "where state did not provide available alternative[1] to assistance provided by other inmates," it did not hold such assisting prisoners must be allowed to sign and file papers as if they were the petitioner himself or anonymously.

## II. OBJECTIONS ON THE MERITS

Bryant next objects that he received ineffective assistance of trial counsel and ineffective assistance of appellate counsel because the attorneys "never mov[ed] this Court to have Petitioner mentally evaluated by an unbiased psychologist and/or psychiatrist." (Doc. No. 75 at PageID 753). This failure assertedly violates *Strickland v. Washington,* 466 U.S. 668 (1984), and *United States v. Cronic,* 466 U.S. 648 (1984). If such an examination had been conducted, Bryant claims he would have been entitled to relief under *Atkins v. Virginia,* 536 U.S. 304 (2002).

This objection is without merit and is hereby overruled. First of all, the Motion to Vacate does not plead any claim of ineffective assistance of appellate counsel. Second, the Motion does not assert it was ineffective assistance of trial counsel to fail to move for an examination, but rather that counsel used Bryant's mental deficiency to coerce him into a plea.

The Magistrate Judge applied the governing standard of *Strickland v. Washington,* 466 U.S. 668 (1984), and found that all four of Bryant's claims failed on the first (deficient performance) prong of *Strickland* because they were all completely conclusory:

> He points to no evidence that the person to whom he distributed the offending images was a government agent or to any exculpatory

---

[1] The issue of available alternatives has not been raised here.

> evidence that further investigation by Attorney Anderson could have disclosed. The record includes Bryant's waiver of *Miranda* warnings. As to his mental incapacity, he clearly claimed to understand the charges and proceedings in the plea colloquy. Having observed him during that hearing, Judge Rose found he was competent to enter a plea and that the plea he entered was knowing, intelligent, and voluntary. Certainly the Statement of Facts to which he agreed is sufficient for conviction. Despite his plea, Bryant proclaims his innocence, but never attempted to withdraw his guilty plea.

(Doc. No. 74 at PageID 749). Bryant makes no objection to the Report's finding that he admitted understanding the charges against him and the rights he was waiving or that the Court found him competent. The test for competency in a criminal case is whether the defendant has a rational understanding of the proceedings and a capacity to assist counsel. *Dusky v. United States*, 362 U.S. 402 (1960). The same standard applies to competency to plead guilty and waive the right to counsel. *Godinez v. Moran*, 509 U.S. 389 (1993). The law presumes defendants are competent. It is not unconstitutional to presume competence and to place the burden of proving incompetence on a criminal defendant. *Medina v. California*, 505 U. S. 437(1992). A determination of competence is a factual finding to which deference must be paid in habeas proceedings. *Filiaggi v. Bagley*, 445 F.3d 851 (6th Cir. 2006), *citing Thompson v. Keohane,* 516 U.S. 99, 110-11 (1995).

Bryant relies on *Atkins, supra,* but the *Atkins* Court did not conclude it is unconstitutional to punish the mentally incompetent, but merely that they may not be sentenced to death.

Bryant asserts in his Objections that all he sought in his Motion to Vacate was to have a mental screening and thereafter an evidentiary hearing at which he could withdraw his guilty plea (Doc. No. 75 at PageID 754). No such request appears in his Motion to Vacate. Instead, he seeks to withdraw his guilty plea and proceed to trial (Doc. No. 62 at PageID 690).

4

### III. CONCLUSION

Having reviewed the Report and the Objections *de novo,* the Court, overrules the Objections and adopts the Report. The Clerk will enter judgment denying the Motion to Vacate with prejudice. Because reasonable jurists would not disagree with this conclusion, Defendant is denied a certificate of appealability and the Court certifies to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

**DONE** and **ORDERED** in Dayton, Ohio, this Wednesday, January 3, 2024.

s/Thomas M. Rose

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE